## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

<table>
<tr><td>LADONNA SCHROCK,<br>   Appellant,</td><td>DOCKET NUMBER<br>DE-0714-20-0053-I-1</td></tr>
<tr><td>  v.</td><td></td></tr>
<tr><td>DEPARTMENT OF VETERANS<br>  AFFAIRS,<br>   Agency.</td><td>DATE: March 27, 2025</td></tr>
</table>

# THIS ORDER IS NONPRECEDENTIAL[1]

Jesse L. Kelly II, Esquire, and Shaun C. Southworth, Esquire, Atlanta, Georgia, for the appellant.

Aleksander D. Radich, Esquire, Cheyenne, Wyoming, for the agency.

Brandi M. Powell, Esquire, New Orleans, Louisiana, for the agency.

Emily Huang, Esquire, Houston, Texas, for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
Cathy A. Harris, Member

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which affirmed her removal under the provisions of 38 U.S.C. § 714. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Denver Field Office for further adjudication in accordance with this Remand Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge properly determined that the agency proved its charge by substantial evidence.</u>

Under 38 U.S.C. § 714, the Board reviews an agency's charge under a substantial evidence standard. 38 U.S.C. § 714(d)(2)(A), (3)(B); *Rodriguez v. Department of Veterans Affairs*, 8 F.4th 1290, 1297-98 (Fed. Cir. 2021). Substantial evidence is "[t]he degree of relevant evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree." 5 C.F.R. § 1201.4(p). It is a lower standard of proof than preponderant evidence. *Id*. The sole charge in the notice of proposed removal was for violation of the Professional Boundaries and Ethical Conduct Policy Memorandum, 00-18-04, with four specifications. Initial Appeal File (IAF), Tab 4 at 22-23. After making credibility determinations, the administrative judge found that the agency proved all four specifications, and the charge, by substantial evidence. IAF, Tab 15, Initial Decision (ID) at 4-13. We discern no basis for disturbing these findings on review. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

<u>We remand the appeal for the administrative judge to provide the parties with an opportunity to present evidence regarding whether the agency's error in reviewing the proposed removal for substantial evidence was harmful.</u>

The agency's deciding official applied the substantial evidence standard in reviewing the removal action. IAF, Tab 4 at 16. Specifically, in the decision letter, the deciding official concluded that the charge "was supported by substantial evidence." *Id*. After the initial decision in this case was issued, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) decided *Rodriguez*, 8 F.4th at 1296-1301, in which it determined that the agency erred by applying a substantial evidence burden of proof to its internal review of a disciplinary action under 38 U.S.C. § 714. The court found that substantial evidence is the standard of review to be applied by the Board, not the agency. *Id*. at 1298-1300. Instead, the agency's deciding official must use a preponderance of the evidence burden of proof to "determine[]" whether "the performance or misconduct . . . warrants" the action at issue. *Id*. at 1298-1301 (quoting 38 U.S.C. § 714(a)(1)). The holding in *Rodriguez* applies to all cases pending with the Board, regardless of when the events at issue took place. *Semenov v. Department of Veterans Affairs*, 2023 MSPB 16, ¶ 22.

The administrative judge and the parties did not have the benefit of *Rodriguez* and therefore were unable to address its impact on the appeal. We therefore must remand this case for adjudication of whether the agency's application of the substantial evidence standard of proof was harmful error. *See Semenov*, 2023 MSPB 16, ¶ 22. A harmful error is an error by the agency in the application of its procedures that is likely to have caused the agency to reach a different conclusion from the one it would have reached in the absence or cure of the error. *Id*., ¶ 23; 5 C.F.R. § 1201.4(r). The appellant bears the burden of proving her affirmative defenses by preponderant evidence. *Semenov*, 2023 MSPB 16, ¶ 23; 5 C.F.R. § 1201.56(b)(2)(i)(C). On remand, the administrative judge shall provide the parties with an opportunity to present

evidence and argument, including holding a supplemental hearing addressing whether the agency's use of the substantial evidence standard in the removal decision constituted harmful error. *Semenov*, 2023 MSPB 16, ¶ 24. The administrative judge should approve the deciding official to testify on this issue if requested by either party. 5 C.F.R. § 1201.41(b)(8), (10) (recognizing the authority of administrative judges to rule on, and order the appearance of, witnesses). The administrative judge should then address this affirmative defense in the remand initial decision.

<u>On remand, the administrative judge should apply the factors in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981) and review the agency's penalty selection.</u>

The administrative judge did not consider whether the penalty in this case was reasonable because she found that 38 U.S.C. § 714(d)(2)(B) prohibits an administrative judge from mitigating the agency-selected penalty. ID at 4. After the initial decision was issued in this case, the Federal Circuit issued its decision in *Connor v. Department of Veterans Affairs*, 8 F.4th 1319 (Fed. Cir. 2021). In *Connor*, the Federal Circuit determined that the agency and the Board must consider and apply the *Douglas* factors in selecting and reviewing the penalty under 38 U.S.C. § 714. *Connor*, 8 F.4th at 1325-26; *see Semenov*, 2023 MSPB 16, ¶¶ 44-50 (stating that, consistent with the Federal Circuit's decision in *Connor*, 8 F.4th at 1325-26, the agency and the Board must apply the *Douglas* factors in reviewing the penalty in an action taken under 38 U.S.C. § 714).

The administrative judge and the parties did not have the benefit of *Connor* and thus were unable to address its impact on this appeal. Therefore, remand is also required regarding this issue. *Connor*, 8 F.4th at 1326-27. On remand, the administrative judge should permit the parties to submit additional evidence and argument on the penalty issue, to include holding a supplemental hearing on the penalty issue at which the deciding official is permitted to testify, if requested.

*See Semenov*, 2023 MSPB 16, ¶ 50.  In reviewing the penalty, the administrative judge should determine whether the agency proved by substantial evidence that it properly applied the relevant *Douglas* factors and whether the agency's penalty selection was reasonable and, if not, remand the appellant's removal to the agency for a new removal decision.[2]

Regarding the appellant's affirmative defense of whistleblower reprisal, the administrative judge may adopt her prior findings on this issue on remand, if appropriate.  However, evidence regarding the penalty may be relevant to one or more of the factors set forth in *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999).  The administrative judge should therefore reconsider this affirmative defense after all the other issues.

## ORDER

For the reasons discussed above, we remand this case to the Denver Field Office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD:                 _____
                               Gina K. Grippando
                               Clerk of the Board
Washington, D.C.

_____

[2] If the penalty is remanded to the agency, the agency should be mindful of its obligations to provide the appellant with the necessary due process.  *See Brenner v. Department of Veterans Affairs*, 990 F.3d 1313, 1324 (Fed. Cir. 2021) (observing that the VA Accountability Act maintains due process protections for employees); *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1279-80 (Fed. Cir. 2011); *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1375-77 (Fed. Cir. 1999).  Further, if remanding the penalty, the administrative judge should consider dismissing the appeal without prejudice during the remand period.